**UNITED STATES TRUCKING COR-PORATION et al., Plaintiffs,**

v.

**AMERICAN EXPORT LINES, Inc., et al., Defendants.**

United States District Court
S. D. New York.
Dec. 31, 1956.

Zelby & Burstein, New York City, for plaintiffs.

Herman Goldman, New York City, for defendants.

Supplementary Memorandum

EDELSTEIN, District Judge.

On motion for reargument, plaintiffs complain that the court adjudicated the merits of the case by relying upon statements made by defendants which should have been reserved for consideration by the Federal Maritime Board. Particularly objected to is the inclusion by the court in the "balance of harms" the so-called study of direct labor costs and costs of equipment. But the court was proceeding upon the basis of information supplied in affidavit form, and it accepted the facts of the study, not specifically contradicted, as set forth in defendants' affidavit. It does appear that these facts are in substantial dispute and the court was under a misapprehension in dealing with them. The validity of the study is, of course, to be determined by the Federal Maritime Board and not by the court.

Nevertheless, the balance on the defendants' side remains substantial. For, should a preliminary injunction be granted, it is perfectly obvious that the defendants would incur a substantial loss in revenues; and this damage would be irreparable inasmuch as there appears to be no basis of recoupment in the event that the contested tariff is ultimately upheld. The offer of a bond by the plaintiffs is entirely inadequate because they propose to cover merely losses attribu-

table to themselves, which would by no means encompass the aggregate of losses to the defendant. The suggestion that the injunction be limited in effect to the business of the four plaintiffs would lead to discriminatory treatment among truckers and is wholly unacceptable.

On the plaintiffs' side, the irreparable harm claimed is the loss of customers to lighterage companies and the loss of business by diversion of freight from the Port of New York to other ports. As stated in the original memorandum, " * * * it may well be that plaintiffs will in fact suffer irreparable injury, [but] the showing made is conclusory rather than evidentiary and demonstrates apprehension rather than imminence of injury." No evidence was offered on the diversion of traffic from the Port of New York as a result of the rates set in the new tariff, no subsequent request to permit the submission of such evidence has been made, and indeed, it would seem highly doubtful that such a causal relationship could be demonstrated. On the diversion of business to lighterage companies, the plaintiffs argue that they "would no more think it necessary to set out the competitive position between truckers and lighters, than [they] would propose to describe competition between truckers and railroads." But I would no more think it proper to grant a preliminary injunction based upon a judicial notice of the harm here claimed than I would to grant the injunction ex parte. And if the harm sought to be established is merely that which might be judicially noticed, that a rise in trucking rates would cause some shift of business to lighters, then the showing would be inadequate to justify injunctive relief. But the plaintiffs now ask permission to submit affidavits on the competitive situation to show that there is and has been a return to the use of lighters in place of trucks. In view of the obvious irreparable injury to the defendants and of the absence of the security of an adequate bond, the affidavits must, to be of any force, demonstrate a great likelihood of a very substantial loss. I agree that the plaintiffs ought to have an opportunity to make such a showing, and the defendants ought to have an opportunity to meet it. Upon the showing made, the case will be reconsidered by the court.

Plaintiffs' affidavits must be filed within one week from this date, and defendants may have an additional week for reply affidavits. It is so ordered.